NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARTRICIA J. CHAPMAN,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3066

---

Petition for review of the Merit Systems Protection Board in case no. AT0752100423-I-1.

---

Decided: July 12, 2011

---

MARTRICIA J. CHAPMAN, of Huntsville, Alabama, pro se.

STEPHANIE M. CONLEY, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before PROST, MAYER, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Martricia J. Chapman appeals a final order of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction. *See Chapman v. U.S. Postal Serv.*, 115 M.S.P.R. 531 (M.S.P.B. 2010). We *affirm*.

Chapman was employed as a City Carrier with the United States Postal Service at the agency's Wynn Drive Station in Huntsville, Alabama. After the agency terminated her for failure to maintain a regular work schedule, she appealed to the board. On February 25, 2010, the agency moved to dismiss Chapman's appeal for lack of jurisdiction. The administrative judge thereafter issued an order informing Chapman of her burden to establish that the board had jurisdiction over her appeal. The order specifically outlined the criteria for establishing board jurisdiction as set forth in 39 U.S.C. § 1005(a). Chapman responded by submitting several personnel forms which stated that she was not a preference eligible employee.

On April 28, 2010, the administrative judge dismissed Chapman's appeal for lack of jurisdiction. After the board denied Chapman's petition for review, she timely appealed to this court.

The board's jurisdiction is not plenary, but is limited to those matters over which it has been granted jurisdiction by law, rule or regulation. *See* 5 U.S.C. § 7701(a); *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). Chapman had the burden of proving, by a preponderance of the evidence, that the board had jurisdiction over her appeal. 5 C.F.R. § 1201.56(a)(2)(i).

A Postal Service employee has limited appeal rights. Such an employee may appeal an adverse personnel

action to the board if, in this case, she has completed one year of current, continuous service in the same or a similar position and (1) is a preference eligible veteran, or (2) is a supervisor, a management employee, or an employee engaged in non-clerical personnel work. 39 U.S.C. § 1005(a); *see Waldau v. Merit Sys. Prot. Bd.*, 19 F.3d 1395, 1398 (Fed. Cir. 1994). Chapman failed to establish that she met these criteria. To the contrary, the personnel forms submitted to the board show that she was a carrier employee and was not entitled to veterans' preference. She has failed to present, moreover, any evidence that her position as a city carrier makes her a "supervisor, a management employee, or an employee engaged in non-clerical personnel work." 39 U.S.C. § 1005(a).

Accordingly, the board correctly determined that it lacked jurisdiction to consider her appeal.